JEPTHA L. RUNYON *vs.* THE CENTRAL RAILROAD COMPANY OF NEW JERSEY.

1. Action by plaintiff for damages occasioned by collision with train of cars: *held*, that if by the exercise of ordinary skill and care the plaintiff could have avoided the injury, or if his conduct contributed to produce it, he cannot recover.

2. If after the court has given its opinion that the plaintiff ought to suffer a nonsuit, the plaintiff does not insist on going to the jury, he is considered as suffering a voluntary nonsuit.

On motion for a rule to show cause why the nonsuit in this case, entered at the Middlesex Circuit, should not be set aside.

Argued, by *Schenck*, for the motion, and *F. T. Frelinghuysen*, contra, before Justices POTTS, RYERSON, and VREDENBURGH.

The opinion of the court was delivered by

POTTS, J. This was an action of trespass on the case, brought by Jeptha L. Runyon against the Central Railroad Company for the recovery of damages sustained by the plaintiff, in his person and property, by the negligence, as is alleged, of the servants of the defendants, on the 20th March, 1855.

It appeared, by the evidence, that, on the day in question, as the plaintiff was driving in an open wagon across the railway of the defendants in a public road, called Harrison's lane, he came in collision with the ten o'clock

train from New York, by which his wagon was broken, his horse killed, and he sustained severe injury in his person.

When the plaintiff rested his cause, the defendants' counsel moved for a nonsuit, which motion, after argument, was granted by the court, on the ground that, admitting negligence had been proved on the part of the defendant, yet that the plaintiff had entirely failed to show reasonable care and caution on his part; but that, on the contrary, as the case stood upon the plaintiff's own show, it appeared that he had, by his own carelessness and negligence, contributed to produce the event from which the injury resulted.

It was in evidence that the plaintiff had lived for thirty years on the lane, within three hundred yards of the railroad. He was driving down towards the track on a slow trot, sitting down in an open wagon, with his back towards the direction in which the train was coming. Describing the occurrence to a witness, the plaintiff said, "he did not think of the road; his mind was enveloped in thought; he had never crossed the track before without thinking of it; he could not tell what he was thinking of; he heard the whistle, but they were instantly upon him; as he heard the whistle he gave his horses a pull, and they went ahead rather faster than before; the whistle he heard was the whistle to break up." It appeared that at the distance of one hundred yards from the crossing, coming along the lane as the plaintiff came, sitting in an open wagon, the pipe of the locomotive could be seen six hundred yards off, and plainer as it approached, and very soon the train of cars could be seen; that at forty yards the train could be seen nearly eight hundred yards off, and further as one approaches nearer to the crossing.

This being substantially the evidence, so far as it bore upon the plaintiff's conduct and the circumstances under which he came into collision with the train, it is entirely

clear that he failed in showing ordinary care and diligence on his part to avoid the injury. In fact it appears that he did not exercise any care or precaution whatever. He never even thought of it.

It must be considered now the settled law, that in cases of this kind, if by the exercise of ordinary skill and care the plaintiff could have avoided the injury, or if his conduct contributed to produce it, he is not entitled to recover, even though the defendants were also guilty of negligence. The subject was fully discussed and settled in the case of *Moore* v. *The Central Railroad* in this court, 4 *Zab.* 268, and subsequently in the Court of Errors, in the same case, and those decisions are in accordance with the current of authority in this country and in England before and since. The necessities of railroad travel demand a speed at which it is impossible to stop in time to prevent a collision, if persons travelling on the highways rush carelessly or recklessly upon a crossing ahead of an approaching train; and every collision of the kind places not only the party driving on the track, but the passengers in a train of cars, in imminent peril; many times occasions great loss of life. Every precaution should be use, by both the drivers of the train and persons travelling in their own conveyances, to guard against coming in contact. The proper signals should always be given from a locomotive on approaching a crossing, and the omission of this caution should be punished. But, besides this, persons approaching a crossing in vehicles of their own must use their eyes and ears, and exercise common care and prudence to avoid a collision, commensurate with the danger, or they are no less reprehensible.

The nonsuit was right. If the case had been put to the jury as it stood, the court would have been bound to instruct them that there was no case made by the plaintiff for a verdict.

The counsel for the plaintiff insisted in his argument

that the court below compelled him to be nonsuited, and that this was error; but this is not in strict accordance with the history of the cause, as reported by the judge who ordered the nonsuit. The counsel did, indeed, resist the motion below, and the question whether the plaintiff had made a case which entitled him to recover was fully argued; but after the court had given the opinion that the plaintiff ought to suffer a nonsuit, he did not insist upon his right to have the matter submitted to the jury. In such case the party is considered as, technically, suffering a voluntary nonsuit.

The rule to show cause is denied.

CITED *in Telfer* v. *Northern R. R. Co.,* 1 *Vr.* 199; *Haslan* v. *M. & E. R. R. Co.,* 4 *Vr.* 151; *N. J. Ex. Co.* v. *Nichols,* 4 *Vr.* 439; *Bonnell* v. *Del., Lack. & West. R. R.,* 10 *Vr.* 192.